F I L E D

CLERK OF COURT

2026 AUG -5 PM 3: 32

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

JASON ALAN PALOMO,
DOB: 11/09/1984

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0010-19**
GPD Report No. 19-00470


**DECISION & ORDER
RE. DEFENDANT'S MOTION TO
DISMISS FOR WANT OF
PROSECUTION**

This matter came before the Honorable Alberto E. Tolentino on May 20, 2026, for a Motion Hearing. Defendant Jason Alan Palomo ("Defendant") was present with counsel Public Defender Ramiro Orozco. Assistant Attorney General Lucas Wood was present for the People of Guam ("People"). The court addressed the Defendant's Motion to Dismiss for Want of Prosecution, which was filed on March 4, 2026. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Dismiss for Want of Prosecution.

## BACKGROUND

Based on events that occurred on or about January 5, 2019, the Defendant was charged for the POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). *See* Indictment (Jan. 15, 2019).

In light of the Defendant's first violation for failing to report as ordered, the court issued a bench warrant for his arrest. *See* Criminal Trial Setting Hr'g Mins. at 1:12:13 – 12:38PM (Mar. 22, 2019). Upon the warrant's return on May 26, 2021, the court released him and rescheduled the Further Proceedings for a later date. *See* Return of Warrant Hr'g Mins. at 5:07:10PM (May 28, 2021). Despite this, the Defendant failed to appear for the rescheduled hearing on August 9, 2021, leading the court to issue another bench warrant. *See* Status Hr'g Mins. at 9:58:20AM (Aug. 9, 2021). However, this warrant was not returned until 2023. *See* Return of Warrant (July 19, 2023).

Although the court denied his release at the Return of Warrant hearing, the court released him at a later hearing on October 24, 2023, in light of his Adult Drug Court eligibility and plea negotiations ongoing. *See* Return of Warrant Hr'g Mins. at 11:49:57AM (Sep. 5, 2023); *see also* Further Proceedings Mins. at 11:54:08AM (Oct. 24, 2023). However, the court issued another bench warrant for his arrest. *See* Further Proceedings Mins. at 11:10:13AM (Feb. 6, 2024). After the warrant's return on December 2, 2025, the court released the Defendant from confinement. *See* Return of Warrant Hr'g Mins. at 4:42:57PM (Dec. 4, 2025).

On March 4, 2026, the Defendant filed his Motion to Dismiss for Want of Prosecution ("Motion to Dismiss"). After the People filed a Reply to the Motion to Dismiss, the court scheduled a hearing to address the Motion to Dismiss. At the Motion Hearing, the court declined to address the Motion to Compel Discovery, which was filed on June 18, 2026, until resolving the Motion to Dismiss. After hearing the parties' arguments on the Motion to Dismiss, the court took the matter under advisement.

## DISCUSSION

The Defendant argued that "[t]his prosecution has remained stagnant for an extended period despite repeated defense inquiries and requests for plea discussions." Def.'s Mot. Dismiss

(Mar. 4, 2026). "If there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint." 8 GCA § 80.70(b). Before granting dismissal under 8 GCA § 80.70(b), the court must determine whether a case's delay was unnecessary enough to find a violation of the Defendant's constitutional right to speedy trial.

The Sixth Amendment protects the right to a speedy and public trial in all criminal prosecutions against the accused. *See* U.S. Const. amend. VI. For U.S. citizens residing in Guam, "[t]he Sixth Amendment to the United States Constitution, incorporated by the Organic Act of Guam, guarantees the accused the 'right to a speedy and public trial.'" *People v. Mendiola*, 2023 Guam 12 ¶ 21 (citing U.S. Const. amend. VI.; 48 U.S.C.A. § 1421b(g); 8 GCA § 1.11(a) (2005)).

The Guam Supreme Court has previously determined whether a person's constitutional right to speedy trial was violated when considering, as a whole, the following factors in *Barker v. Wingo*: (1) the length of the delay; (2) the cause of the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the presence or absence of prejudice resulting from the delay. *People v. Mendiola*, 2015 Guam 26 ¶ 13 (quoting *Barker v. Wingo*, 407 U.S. 514, 530-33 (1972)). This court will now review the *Barker* factors to determine whether the Defendant's constitutional right to a speedy trial was violated. [1]

**A. The Length of the Delay**

The first *Barker* factor to review is how long of a delay exists in the Defendant's case. "The length of the delay is measured from the point of arrest or indictment until trial." *People v. Naich*, 2013 Guam 7 ¶ 50 (citing *People v. Flores*, 2009 Guam 22 ¶ 43). Until there is delay that is presumptively prejudicial, there is no need for inquiry into or balancing of the other *Barker*

---

[1] The Defendant cited to this court's analysis of the factors under *Barker v. Wingo*; specifically, the court's Decision and Order issued in Criminal Case No. CM0262-21. *See* Def.'s Mot. Dismiss at 2. Due to incomplete citations to its previous Decision and Order, the court reminds counsel of relevant standards for citing authority.

factors. *See Barker*, 407 U.S. at 530. The more serious or complex the charge, the greater the length of delay that will be tolerated. *Id.* at 530–31.

While there is no exact amount of time that constitutes as prejudicial, the Guam Supreme Court has previously found delays of six (6) years and four (4) years to be prejudicial enough to warrant examination of the other *Barker* factors. *See Flores*, 2009 Guam 22 ¶¶ 43-44; *see also People v. Mendiola*, 1999 Guam 8 ¶ 24. However, the Court has also held that an eighteen-month delay did not rise to the level of a constitutional violation when much of that time was attributable to the defendant. *See Naich*, 2013 Guam 7 ¶ 57.

The Defendant argued that he has waited for seven (7) years to resolve this 2019 case. *See* Mot. Hr'g Mins. at 4:12:08 – 42:45PM (May 20, 2026). While not contesting the length of delay in this case, the People called the court's attention to three (3) bench warrants issued in this case. *Id.* Upon the court's review of the case, the Defendant was indicted for POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) on January 15, 2019. *See* Indictment (Jan. 15, 2019). Because this case has not gone to trial, the court notes that it has been approximately seven (7) years and four (4) months between the time of Indictment and the filing of the Motion to Dismiss. The length of this delay on a single, felony possession charge is longer than the maximum amount of imprisonment the Defendant faces if found guilty or entered his guilty plea – three (3) years.[2]

Therefore, the court finds that the length of this delay is presumptively prejudicial enough to warrant further review of the other *Barker* factors.

\\

---

[2] "In cases where § 67.401.11 is applicable to the sentencing of a person, a person who has not been previously convicted of a felony relative to the possession of any controlled substance and has been convicted of a felony for the first time relative to possession of methamphetamine shall be sentenced to *a term of imprisonment of no more than three (3) years* and a fine of Five Thousand Dollars ($5,000.00)." 9 GCA § 67.401.12 (emphasis added).

## B. The Cause of the Delay

Under the second *Barker* factor, the court must review the People's reasons for the delay in bringing the Defendant to trial. In comparison to "[a] deliberate attempt to delay trial in order to hamper the defense," a more neutral reason for the People's delay is weighed less heavily but still requires consideration. *Mendiola*, 1999 Guam 8 ¶ 61 (quoting *Barker*, 407 U.S. at 531).

The People referenced three (3) bench warrants that attributed to the delay in this case. *See* Mot. Hr'g Mins. at 4:12:08 – 42:45PM (May 20, 2026). In contrast, the Defendant indicated that he "sought plea negotiations and resolution since late 2025, yet no plea updated offers have followed the ADC I plea that was sent but is no longer valid due to the current closure of the ADC I program, nor has a discovery update followed." Def.'s Mot. Dismiss at 2.

As stated above, the court issued three warrants issued for the Defendant's arrest in this case: (1) Bench Warrant issued on March 17, 2019, that was returned on May 26, 2021; (2) Bench Warrant issued on August 10, 2021, that was returned on July 19, 2023; and (3) a Warrant of Arrest issued on February 7, 2024, that was returned December 2, 2025.[3] Although the Defendant argues that these bench warrants were not sufficient reasons to delay bringing this case, the court disagrees as this case cannot go forward without a defendant present. While the Defendant attributes some of the delay in this case to receiving no "discovery update" from the People, the Defendant did not raise any issue over the People's compliance with its discovery obligations in this case until filing the Motion to Dismiss in 2026. *See* Def.'s Mot. Dismiss at 2.

\\

\\

\\

---

[3] *See* Bench Warrant (Mar. 17, 2019); *see also* Return of Warrant (May 26, 2021); *see also* Bench Warrant (Aug. 10, 2021); *see also* Return of Warrant (July 19, 2023); *see also* Warrant of Arrest (Feb. 7, 2024); *see also* Return of Warrant (Dec. 2, 2025).

The Defendant's bench warrants and several requests to continue negotiations made on the record do not show that the People deliberately attempted to delay trial to hamper the defense. Therefore, the court finds that the cause for the delay weighs against the Defendant.

## C. Defendant Palomo's Assertion of His Right to a Speedy Trial

This next factor calls this court to consider the Defendant's assertion of speedy trial. In order to successfully argue that a Sixth Amendment violation has occurred, a defendant bears the responsibility to proactively assert a speedy trial claim. *See Mendiola*, 1999 Guam ¶ 29 (citing *Barker*, 407 U.S. at 529). "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 532. Even with a defendant's assertion of speedy trial, which is entitled to strong evidentiary weight, the court must exercise its judicial discretion, viewing that assertion in light of the defendant's other conduct. *See Flores*, 2009 Guam ¶ 47 (citing *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986)).

In addition to orally waiving his right to speedy trial at arraignment, the Defendant filed a written waiver of speedy trial that same day. *See* Arraignment Hr'g Mins. at 10:36:07AM (Feb. 13, 2019); *see also* Waiver (Feb. 13, 2019). Therefore, the court finds that this factor weighs against him.

## D. The Presence or Absence of Prejudice Resulting from the Delay

The last factor for the court to review is whether the Defendant suffered any prejudice due to the delay in this case. An "[i]nordinate delay between public charge and trial" may (1) prejudice "a defense on the merits"—such as through the deterioration of crucial evidence, unavailability of witnesses, or subversion of the defendant's ability to prepare for trial—or (2) seriously prejudice "defendant's liberty, . . . disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends."

*People v. Corpuz*, 2019 Guam 1 ¶ 25; *United States v. Bert*, 814 F.3d 70, 82 (2d Cir. 2016) (quoting *United States v. Taylor*, 487 U.S. 326, 340-41 (1988)) (explaining prejudice to defendant may come in trial prejudice or non-trial prejudice); *People v. Aromin*, 2014 Guam 3 ¶ 24. Because this case did not go to trial, the court will examine the existence of any non-trial prejudice against the Defendant.

As to the offenses charged in this case, the Defendant argued that the People's neglect caused substantial prejudice in the following ways: (1) witness memory and evidence have deteriorated since the 2019 offense; (2) the Defendant's ability to investigate or prepare a defense is impaired; and (3) he remains under restrictive release conditions, sustaining anxiety and reputational harm. *See* Def.'s Mot. Dismiss at 3.

When asked about these possible prejudices to the Defendant at the Motion Hearing, however, the Defendant noted that a material witness in this case is now deceased as well as the Adult Drug Court Program's inability to accept more participants. *See* Mot. Hr'g Mins. at 4:12:08 – 42:45PM (May 20, 2026). Without more than conclusory presumptions of prejudice suffered by the Defendant, the court is not convinced that the prejudice was so substantial to prove unnecessary delay in this case. Therefore, the court finds that this factor weighs against the Defendant.

Because majority of the *Barker* factors weigh against the Defendant, the court finds that there was no violation of his constitutional right to speedy trial and denies the dismissal of this case.

\\

\\

\\

\\

## CONCLUSION

For reasons stated above, the court hereby **DENIES** the Defendant's Motion to Dismiss for Want of Prosecution.

A Further Proceedings is scheduled before this court on August 19, 2026, at 9:00AM.

**SO ORDERED** _____AUG 0 5 2026_____.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_AG, POSC_

Date: 8/5/26 Time: 3:56pm

Antonio A Cruz
Deputy Clerk, Superior Court of Guam